UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIHAD A. SPANN-EL, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV1526 RLW |
| FRANCIS G. SLAY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Jihad A. Spann-El, Sr., for leave to commence this action without prepayment of the required filing fee. (Docket No. 5). For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.00. *See* 28 U.S.C. § 1915(b)(1); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Additionally, the Court finds that the complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and will therefore order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess, and when funds exist collect, an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

On the same day plaintiff filed the complaint, he filed an uncertified "Resident Funds Inquiry" account statement from the St. Louis City Justice Center, detailing his institution account history for part of the six-month period preceding the filing of the complaint. He did not file a motion for leave to proceed in forma pauperis at that time. The Court therefore ordered plaintiff to either pay the full filing fee or submit a motion for leave to proceed in forma pauperis. Plaintiff was reminded that a motion for leave to proceed in forma pauperis must be accompanied by a certified inmate account statement for the six-month period immediately preceding the filing of the complaint. In response, plaintiff filed the instant motion for leave to proceed in forma pauperis, and also filed a memorandum explaining, *inter alia*, difficulties he believed he was experiencing in obtaining a certified inmate account statement. (Docket No. 4). Therefore, the Court will require plaintiff to pay an initial partial filing fee of $3.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson*, 129 F.3d at 484 (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of such claim.

## 28 U.S.C. § 1915(e)(2)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions"

2

and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

The complaint is long and rambling, and is full of conclusory statements and theories about the motivations of the defendants. The Court therefore determines that the complaint fails to comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. Because plaintiff is proceeding pro se, the Court will provide plaintiff an opportunity to file an amended complaint containing all of the allegations he wishes to bring against each defendant. All of plaintiff's claims in this action must be included in one, centralized complaint form. Plaintiff must not include exhibits, correspondence, or memoranda. Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit an amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a **short and plain** statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Rule 10(b) requires that a party must state

3

his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. In other words, the amended complaint should not be overly wordy or repetitive, and should instead be limited to the "who, what, when, and where" of the facts of plaintiff's claim or claims.

Plaintiff must also name each defendant against whom he is pursuing allegations, and clearly identify each defendant by name and title, as far as he knows it. Plaintiff must also articulate, <u>for each named defendant</u>, the specific facts about that defendant's alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. Plaintiff must also specify the capacity in which he is suing each defendant, whether it is in his or her official or individual capacity, or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within twenty-one (21) days of the date of this Order, the Court will dismiss this action without prejudice. Plaintiff will not be granted any additional extensions of time.

After plaintiff files an amended complaint, this Court will review it pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed thereon in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $3.00 **within twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a civil complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than twenty-one (21) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, or fails to comply with the instructions set forth above relating to the filing thereof, the Court will dismiss this action without prejudice.

Dated this 17th day of October, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE