UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JIHAD A. SPANN-EL, SR.,            )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   No. 4:16-cv-1526-RLW
                                    )
FRANCIS G. SLAY, et al.,            )
                                    )
         Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Jihad A. Spann-El, Sr., commenced this civil action on September 26, 2016. In so doing, plaintiff neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*, and on September 29, 2016, the Court ordered him to do either. On October 12, 2016, plaintiff moved for leave to proceed *in forma pauperis*, and the Court granted the motion and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court noted that the complaint was vague and conclusory and generally failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and gave plaintiff the opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed an amended complaint on October 31, 2016, and then filed a second amended complaint on November 7, 2016. Pursuant to 28 U.S.C. § 1915(e)(2), the Court now reviews the second amended complaint.

## 28 U.S.C. § 1915(e)(2)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Second Amended Complaint

Plaintiff names twenty defendants in this case, including the Mayor of the City of Saint Louis and entities such as the City Justice Center, the Saint Louis City Sheriff's Department, and the Saint Louis City Police Department. Plaintiff's allegations arise out of several unrelated occurrences on different dates, beginning in early July 2016 and ending in late August.

## Discussion

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving multiple unrelated claims against not one, but twenty defendants. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. *See id.* (the

district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file a third amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related. *See* Fed. R. Civ. P. 20(a)(2).

Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff is reminded that he must prepare the third amended complaint using a Court-provided form, and that he must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" section, plaintiff must set forth the name of each defendant he wishes to sue. In

the "Statement of Claim" section, plaintiff shall start by typing or neatly printing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each named defendant, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff is instructed not to attach any exhibits to the amended complaint.

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper and identify them as part of the "Caption" or "Statement of Claim" section. **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this court reviews.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). Because the court is allowing plaintiff leave to amend, it will take no action as to the named defendants and improperly joined claims at this time.

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he chooses to pursue in his third amended complaint, plaintiff must file each such claim(s) as a separate civil action, and either pay the entire filing fee, or file a motion for leave to proceed *in forma pauperis* accompanied by

a certified account statement for the six-month period immediately preceding the filing of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit a third amended complaint in accordance with the instructions set forth herein within twenty-one (21) days of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a third amended complaint, or fails to comply with the instructions set forth above relating to the filing thereof, the Court will dismiss this action without prejudice.

Dated this 28th day of December, 2016.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE