UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIHAD A. SPANN-EL, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-cv-1526-RLW |
| FRANCIS G. SLAY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon initial review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff Jihad A. Spann-El, Sr., an inmate at the St. Louis City Justice Center, commenced this civil action on September 26, 2016, but he neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. On September 29, 2016, the Court ordered him to do either. On October 12, 2016, upon plaintiff's motion, he was granted leave to proceed *in forma pauperis*, and the Court conducted initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court noted that the complaint was vague and conclusory and generally failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and gave plaintiff the opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed an amended complaint on October 31, 2016, and then filed a second amended complaint on November 7, 2016. Upon review, the Court noted that the second amended complaint contained the same defects as the first, and gave plaintiff leave to file a third amended complaint. On January 20, 2017, plaintiff filed a third amended complaint (Docket No. 16) which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

1

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Third Amended Complaint

In the third amended complaint, plaintiff names only one defendant, the St. Louis City Justice Center (also "Justice Center"). Plaintiff alleges that Justice Center employees "found it proper to place" a certain fellow inmate in the same housing unit as him, and that he self-declared himself to have protective custody, but Justice Center employee coerced him into signing off. (Docket No. 16 at 6). Plaintiff also alleges that the Justice Center wrongfully allowed his "enemy registered-co-defendant to be locked in Tank 2703-B." *Id.* Plaintiff also alleges that two of his enemies were allowed to reside in his cell, that he was placed in a cell with a certain inmate, and that another inmate was permitted to attend religious services with him. Plaintiff also states that the district attorney's office issued a warrant for his arrest and that he complained to caseworkers, but nothing was done. Plaintiff does not allege that he suffered any harm, physical or otherwise, as a result of any of the foregoing. For relief, plaintiff states that he wants the Court "to settle the conflict and order the St. Louis City Justice Center to pay for my attorney fees in my civil suit as well as my attorney fees in my criminal case." *Id.* at 8.

## Discussion

Plaintiff's third amended complaint will be dismissed. Plaintiff's claims against the Justice Center are legally frivolous because the Justice Center is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (dismissing as legally frivolous claims against several departments of local government, including the St. Louis City Justice Center, noting that they were not suable

entities); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

The third amendment complaint is also subject to dismissal because it fails to state any claims of constitutional dimension. While plaintiff does not identify the constitutional right he believes defendant violated, liberally construing the third amended complaint, it appears he attempts to state claims of failure to protect in violation of the Eighth Amendment. An Eighth Amendment failure to protect claim has two components: (1) an objectively serious deprivation; and (2) a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Absent allegations of both components, no constitutional violation exists. *See Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). Here, the facts outlined in the third amended complaint do not amount to an objectively serious deprivation. Plaintiff has not alleged that he was injured at the hands of another. There are no facts alleged allowing the conclusion that he was put in any position that posed a substantial risk of serious harm. Plaintiff's allegations do not state a failure to protect claim; rather, plaintiff appears to seek the ability to choose his cellmates. The Constitution does not provide such a right. *Ochs v. Thalacker*, 90 F.3d 293, 296 (8th Cir. 1996), *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). The Court concludes that the third amended complaint fails to state a claim of a constitutional violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (affirming the dismissal of a § 1983 claim for damages where the prisoner failed to allege that he suffered any physical injuries).

Accordingly,

**IT IS HEREBY ORDERED** that this cause of action is **DISMISSED**. A separate order

of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 27th day of January, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE